**Scott WELLS, Appellant,**

v.

**Kevin SHIFLET, Herman Bernitt, Amy Bernitt, Franklin Andrew, And Richard Wells, Appellees.**

No. 53A04–0702–CV–80.

Court of Appeals of Indiana.

March 2, 2007.

*ORDER*

Appellant Scott Wells, by counsel, has filed a Motion for Acceptance of Jurisdiction of Interlocutory Appeal.

Wells seeks interlocutory review of the trial court's December 4, 2006 order denying his Motion to Reconsider and granting Appellees Herman Bernitt and Amy Bernitt's Motion to Reconsider. In support of his Motion for Acceptance of Jurisdiction of Interlocutory Appeal, Wells contends that if the trial court's December 4, 2006 order is erroneous, but determination of the error is delayed until after the entry of final judgment, then the case would have to be retried, which would, Wells argues, be a waste of the parties' and the trial court's resources.

In its order, December 4, 2006 order, the trial court denied Wells' request to reconsider its prior grant of summary judgment as to Appellees Franklin Andrews and Richard Wells. Furthermore, in granting the Bernitts' Motion to Reconsider, the trial court granted summary judgment to the Bernitts on Wells' claims for defamation and intentional infliction of emotional distress. The trial court's December 6, 2006 order contained the following language: "[t]he court further finds that there is not just reason for delay, and that judgment is now entered in favor of the Defendants, Herman and Amy Burnitt, on Counts II and III of Plaintiff's Amended Complaint."

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

(1) In entering judgment in favor of Herman and Amy Burnitt on Counts II and III of Wells' Amended Complaint, the trial court specifically used the language of Trial Rule 56(C).

(2) Consequently, the trial court's grant of summary judgment to the Burnitts was a final order appealable as of right and is not appropriate for discretionary interlocutory review under Ind. Appellate Rule 14(B). *See* Ind. Appellate Rule 2(H) (defining a Final Judgment).

(3) With respect to Wells' claims against the other Appellees, there is not an adequate basis for this Court to accept discretionary interlocutory jurisdiction over the case.

(4) Therefore, Appellant's Motion for Acceptance of Jurisdiction of Interlocutory Appeal is DENIED.

(5) This Order is ORDERED PUBLISHED.

RILEY, VAIDIK, J.J., HOFFMAN, Sr.J., concur.